JACOB GINSBERG, Respondent-Appellant v. LEVBOURNE REALTY COM-
PANY, INC., Appellant-Respondent.

875

Brennan, Acting P. J., Rabin, and Hopkins, JJ., concur; Benjamin and Munder, JJ., dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: Plaintiff, while a guest at defendant's Summer resort hotel, slipped and fell while playing basketball on an outdoor basketball court, which was paved with macadam and was bounded on three sides by grass and dirt. He has recovered a verdict on the theory that the presence of a minuscule quantity of sand on the court evidenced a breach of defendant's obligation of reasonable care and thus established actionable negligence. We cannot agree with this result nor with the theory on which it is based. So small was the quantity of sand that allegedly caused plaintiff's fall that it could not be seen until the viewer was right "on top of it." We do not believe that the presence of such quantity of sand on a resort hotel's outdoor basketball court, surrounded by grass and by dirt which can be tracked onto the court by every passing guest, by every ball player, and by the elements themselves, evidences lack of reasonable care by the owner of the hotel. To require the owner to keep such outdoor play area as immaculate as a ballroom dance floor would be to impose an impossible and clearly unreasonable burden upon him. And it is undisputed on this record that defendant did provide supervision and "housecleaning" service for this play area that clearly met the requirements of reasonable care in light of all the circumstances. In our opinion, plaintiff has not established actionable negligence on defendant's part, the verdict in his favor is contrary to the evidence as a matter of law, his judgment should be reversed, and his complaint should be dismissed.